**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MONTGOMERY WARD, LLC, et al. | : | Case No. 00-4667 (RTL) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

## AFFIDAVIT OF KELLEY M. GRIESMER

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) SS: |
| COUNTY OF FRANKLIN | ) |

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Kelley M. Griesmer, being duly sworn, deposes and says:

1. I am an attorney at law admitted and in good standing to practice in the State of Ohio and before the United States District Court for the Southern District of Ohio.

2. I am an attorney employed by the law firm of Jones, Day, Reavis & Pogue ("Jones Day") and am duly authorized to make this Affidavit on behalf of Jones Day. I make this Affidavit in support of the Joint Application for an Order Authorizing the Retention and Employment of Jones, Day, Reavis & Pogue as Claims Counsel (the "Application"). The facts set forth in this Affidavit are personally known to me and, if called as a witness, I could and would testify thereto. Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

3. Jones Day is particularly well suited to act as claims counsel with regard to the Claims Administration Agreement. Jones Day is one of the largest law firms in the United States, with a national and international practice, and has experience in all aspects of the law that

CO: 108805 lvl

may arise during the claims reconciliation process in these chapter 11 cases. In particular, Jones Day has substantial bankruptcy and restructuring, corporate, environmental, regulatory, finance, intellectual property, litigation, real estate, securities and tax expertise.

4. More importantly, Jones Day is intimately familiar with the Debtors' businesses and financial affairs because Jones Day has represented the Debtors' predecessors in their separate chapter 11 proceedings, In re Montgomery Ward Holding Corp. et al., Case No. 97-1409 (PJW), since at least the inception of those proceedings in July 1997. In that regard, Jones Day has rendered a variety of legal services to the Debtors' predecessors, including substantial litigation services, corporate counseling and regulatory compliance advice. Additionally, since June 2000, Jones Day has worked on the Debtors' predecessors' behalf to assist ACE in the administration of the separate claims administration agreement and insurance policy approved by the court in those chapter 11 proceedings. See Order Granting Motion of Reorganized Debtors for Entry of an Order Authorizing and Approving (I) Insurance for the Amounts to be Distributed from the MW Class 3 Distribution Pool to Holders of Allowed Class 3 Claims Under the Confirmed Plan of Reorganization, (II) Establishment of a Distribution Trust and (III) Optional Accelerated Final Distributions to Class 3 Unsecured Creditors, entered on or about June 20, 2000. Having worked closely with both the Debtors' predecessors' and ACE's management and other professionals, Jones Day has become well acquainted with the Debtors' corporate history, business, operational difficulties and related claims matters. Accordingly, Jones Day has developed significant relevant experience and expertise regarding the Debtors and their predecessors that will allow it to provide effective and efficient services related to the Claims Administration Agreement in these chapter 11 cases.

5. Neither I, nor Jones Day, nor any partner or associate thereof, as far as I have been able to ascertain, has any connection with the Debtors, their creditors, the United States trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys, except as set forth below or in paragraph 6:

(a) Jones Day does not represent, and has not represented, any entity other than the Debtors in matters related to these chapter 11 cases.

(b) Prior to the Petition Date, Jones Day performed certain legal services for the Debtors and the Debtors' predecessors, however, neither the Debtors nor their predecessors owe Jones Day any amounts for any services performed prior to the Petition Date.

(c) Jones Day represents or has represented General Electric Capital Corporation or its affiliates (collectively, "GECC") in numerous matters unrelated to the Debtors or their chapter 11 cases. Jones Day anticipates that it will continue providing services to such parties in connection with pending and future matters. Jones Day will not represent these entities, however, in any matters relating to the Debtors or their chapter 11 cases. Moreover, pursuant to Article II, Section 2.5 of the Claims Administration Agreement, ACE is not responsible for any duties related to the reconciliation or resolution of any claims asserted by GECC in the Debtors' chapter 11 proceedings, and, thus, Jones Day as claims counsel will not be required to assist ACE in performing any duties related to any GECC claims on the Movants' behalf. The Debtors and their separate bankruptcy counsel will remain solely responsible for handling any GECC claims.

(d) Additionally, from time to time, Jones Day has represented, and likely will continue to represent, certain creditors of the Debtors and various other parties

adverse to the Debtors in matters <u>unrelated</u> to these chapter 11 cases. As described in paragraph 6, however, Jones Day has undertaken a detailed search to determine, and to disclose, whether it represents or has represented any significant creditors or other parties in interest in such unrelated matters. In addition, certain creditors and other parties in interest in these cases (or their affiliates) are or were members of official creditors' committees represented by Jones Day in other chapter 11 cases.

(e) In matters unrelated to these cases, Jones Day has worked with certain of the Debtors' other professionals. For example, in other matters, Jones Day has worked with the Debtors' claims and noticing agent, Logan & Company, Inc. ("Logan") (<u>e.g.</u>, Jones Day represents the Debtors' predecessors and the Loewen Group debtors in their respective chapter 11 cases, in both of which Logan also serves as the respective debtors' claims and noticing agent).

(f) The Debtors agree to waive any conflicts of interest or potential conflicts of interest arising from Jones Day's representation of creditors and other parties in interest in matters <u>unrelated to</u> the Debtors or their chapter 11 cases.

6. To check and clear potential conflicts of interest in these cases, Jones Day researched its client database for at least the past five years to determine whether it had any relationships with (1) the Debtors and (2) the Debtors' 20 largest unsecured creditors on a consolidated basis, as identified by the Debtors on the List of Creditors Holding Largest Unsecured Claims filed in the above-captioned chapter 11 cases (the "Top Twenty Unsecured Creditors" and, collectively with the Debtors, the "Interested Parties"). To the extent that Jones Day's research of its relationships with the Top Twenty Unsecured Creditors indicated that Jones Day has represented or currently represents any of these entities in matters unrelated to these chapter 11 cases, Jones Day will, to the extent necessary on a case-by-case basis, contact those

entities in order to obtain appropriate waivers with regard to any disputed claims matters that are covered by the Claims Administration Agreement.

7. Despite the efforts described above to identify and disclose Jones Day's connections with parties in interest in these cases, because Jones Day is an international firm with approximately 1,500 attorneys in 26 offices, and because the Debtors are a multinational enterprise with thousands of creditors and other relationships, Jones Day is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Jones Day discovers additional information that requires disclosure, Jones Day will file a supplemental disclosure with the Court as promptly as possible.

8. As far as I have been able to ascertain, neither I, nor Jones Day, nor any partner or associate thereof, hold or represent any interests adverse to the Debtors or their respective estates in the matters for which Jones Day is proposed to be retained. Accordingly, I believe that Jones Day is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

9. In accordance with the terms of the Claims Administration Agreement, as approved by the Claims Administration Order, ACE is "solely responsible for paying the professional fees and expenses of Claims Counsel incurred in the performance of its work." See Exhibit A to Claims Administration Order at p. 3. Similarly, pursuant to the terms of the Claims Administration Agreement, Jones Day, as claims counsel, must agree to "release and discharge the Debtors, their estates, GECC, and the [Creditors] Committee from any claims, costs, fees, and other expenses arising from, or relating to, the performance of work" under the Claims Administration Agreement. See id. Finally, according to the Claims Administration Agreement, as approved by the Claims Administration Order, Jones Day as claims counsel "shall not be

required to file fee applications or otherwise seek approval of its fees and expenses by the Bankruptcy Court." See id.

10. The proposed employment of Jones Day is not prohibited by or improper under Bankruptcy Rule 5002. Jones Day and the professionals it employs are qualified to represent the Debtors in the matters for which Jones Day is proposed to be employed.

Dated: August 31, 2001

KELLEY M. GRIESMER

Sworn to and subscribed before me
this 31st day of August, 2001.

Notary Public

My Commission Expires: 6/18/2002



KIMALA DELL FRANCIS
NOTARY PUBLIC - STATE OF OHIO
My Commission Expires June 18, 2002
Recorded in Franklin County